**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 1, 2026**

—————————————————

**Christopher M. Wolpert**
**Clerk of Court**

TRISTIAN D. BOLONGIA,

    Plaintiff - Appellant,

v.

TARGET CORPORATION;
SANTINKA ANITA TAYLOR; JILL
KATHERINE VAUGHN; MARY
KATHLEEN COUGHLIN, f/k/a
Flesch; HARIS MANGIC; LUKE
ANDREW WIBLE; SAMANTHA
GENE COOK, f/k/a Pequin,

    Defendants - Appellees.

No. 25-6205
(D.C. No. 5:25-CV-00635-JD)
(W.D. Okla.)

—————————————————

### ORDER AND JUDGMENT*

—————————————————

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.

—————————————————

---

\* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

1

After Tristian Bolongia filed his second amended complaint, the district court observed: 1) he had not filed proof of service of the first amended complaint and summons as to one of the defendants in accordance with Federal Rule of Procedure 4; and 2) he had not certified service of the second amended complaint in accordance with Rule 5. Fed. R. Civ. P. 4(l), 5(d). The district court therefore ordered Bolongia to show some proof of service within three weeks, on pain of dismissal without prejudice. This he failed to do. The district court accordingly dismissed Bolongia's "action without prejudice." R. at 370.

Bolongia now appeals, arguing that dismissal without prejudice was an inappropriate sanction for what he views as relatively minor infractions.[1] But applying a highly deferential standard of review, we find no abuse of discretion, so exercising jurisdiction under 28 U.S.C. § 1291,[2] we affirm.

---

[1] As in the district court, Bolongia proceeds pro se in this court. We construe his filings liberally, but we cannot act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] "A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available)[,] while a dismissal of the entire action is ordinarily final." *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994) (citation omitted). Here, the district court expressly dismissed the action and entered judgment. Under this court's precedent, we have jurisdiction over the appeal.

## I

We review the facts and procedural history only as relevant to this appeal. This case began on June 11, 2025, when Bolongia first filed a pro se employment discrimination complaint against Target and various Target employees. After the district court ordered Bolongia to refile his complaint using the form provided by the local rules, Bolongia filed his first amended complaint. Then, on July 29, Bolongia filed the second amended and currently operative complaint. On September 18, Bolongia filed proof of service of the complaint and summons on every defendant except one – Luke Wible.

Meanwhile, the properly served defendants moved to dismiss under Rule 12(b)(4) and Rule 12(b)(5) for insufficient process and service of process. The district court denied the motion on November 14 but observed two problems. First, the district court noted that Bolongia had not filed proof that Luke Wible had been properly served, which created a Rule 4 problem. Second, the district court noted that Bolongia had not certified service of the second amended complaint, which created a Rule 5 problem. The district court therefore ordered Bolongia "to show proof of compliance" with Rule 5 and "show cause. . .why this action should not be dismissed as to Wilbe [sic] for failure to make service of process" by December 5, 2025. R. at 364. The district court explicitly warned that failure to comply with this

order would result in dismissal. December 5 came and went with no activity on the docket, and on December 9, the district court accordingly dismissed the action without prejudice to refiling.

On December 12, Bolongia filed a "Show Cause Explanation." R. at 375–78, 380. Bolongia's filing explained that his health had unexpectedly deteriorated during the week of December 5, but he elected not to immediately inform the court of his medical emergency because he hoped that his health would improve sufficiently to allow compliance.

The district court did not accept this explanation. Although the district court construed the filing as a motion under Rules 59 and 60, it denied relief under both rules. First, the district court reasoned that Rule 59(e) relief was inappropriate because Bolongia cited no change in the law, no error, and no new evidence. Second, the district court declined to reopen its judgment under Rule 60(b) because Bolongia had not demonstrated excusable neglect:

> [W]hile the Court sympathizes with Bolongia's medical conditions, the premise of that ground for relief – his inability to appear in person – belies the reality that Bolongia could have simply dropped his filings in the mail to arrive before or by the December 5, 2025, deadline. He chose not to use the mail to respond or to seek an extension, and nothing in his Motion provides justification for this other than the conclusory statement that his symptoms "prevented [him] from meeting the deadline." In fact, Bolongia admits he chose not to act ahead of the deadline, instead betting that his condition would improve.

4

R. at 384–85 (quoting Bolongia's filing, second alteration in original, docket citation omitted).

This timely appeal followed. Our review encompasses both the district court's order of dismissal under Rule 41(b) and order denying post-judgment relief, so we will take each in turn.

## II

The Federal Rules of Civil Procedure give district courts "broad discretion to manage their dockets" within reasonable limits. *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (10th Cir. 2008). In particular, they authorize the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (district court may exercise Rule 41(b) discretion on its own motion). We have repeatedly recognized that this rule secures to the district court a wide range of permissible choices for "the expeditious and sound management of the preparation of cases for trial." *Drevaleva v. United States Department of Veteran Affairs*, 2022 WL 2662081 at *4 (10th Cir. July 11, 2022) (quoting *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1320 (10th

Cir. 2011)).[3] Therefore, "[w]e review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). The district court abuses its discretion when it relies on an error of law, a clear error of fact, or otherwise exceeds the permissible range of choices. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007).

## A

This court has repeatedly held that a dismissal without prejudice under Rule 41(b) is almost never an abuse of discretion. In *Nasious v. Two Unknown B.I.C.E. Agents*, for example, we said that "[e]mploying Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." 492 F.3d 1158, 1162 (10th Cir. 2007). We have since applied the rule in *Nasious* more broadly to dismissals without prejudice even outside the context of Rule 8 violations. *See, e.g.*, *Sullivan v. Graham*, 2025 WL 1983231 at *2 (10th Cir. July 17,

---

[3] We cite unpublished decisions for their persuasive value only and do not treat them as binding precedent. 10th Cir. R. 32.1(A).

6

2025) (unpublished). So, while this court's cases leave open the possibility that some dismissals without prejudice may be an abuse of discretion, the appellant faces a heavy burden to demonstrate that a decision allowing him to refile or amend was nonetheless reversible error.

Bolongia does not clear that burden here. Bolongia does not dispute the district court's finding of fact that he violated a court order – nor could he, on this record. He instead appears to challenge the district court's conclusion that dismissal without prejudice was merited for violations of Rule 4 and 5. We will address Bolongia's arguments as to each rule in turn.

## 1

Bolongia first argues that "Rule 4(m) embodies flexibility," and the district court's failure to consider a permissive extension under this flexible approach was an abuse of discretion.

But Bolongia's failure to challenge the district court's finding that Bolongia violated an order of the court renders his Rule 4 argument irrelevant. Rule 41 permits the district court to impose dismissal for failure "to comply with these rules *or* a court order." Fed. R. Civ. P. 41(b) (emphasis added). The rule is phrased in the disjunctive, so Bolongia needed to show that he complied with both the Federal Rules of Civil Procedure and all applicable court orders. This he did not do.

7

Even setting aside Bolongia's violation of a court order, however, his Rule 4 argument would not succeed. He correctly observes that even in the absence of good cause for extending the time for service, the district court "must still consider whether a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "Whatever other problems this argument may face, and without endorsing its logic, we are confident it must fail for at least this reason: It was never made to the district court." *Hand v. Walnut Valley Sailing Club*, 475 F. App'x 277, 279 (10th Cir. 2012) (unpublished). We generally will not consider an argument raised for the first time on appeal, and even when we do, the appellant must usually argue and meet the rigorous plain error standard to merit reversal. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993); *Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011). Bolongia nowhere even mentions the plain error standard of review and his argument is consequently waived.

**2**

Bolongia also asserts, in a rather conclusory fashion, that Rule 5 is purely "ministerial," and therefore, "[t]reating that paperwork as case-dispositive elevates form over substance." Op. Br. at 19.

The argument, however austere, is not without some force. Unlike Rule 4, which implicates the district court's jurisdiction over a person, the

requirement under Rule 5 that litigants file a certificate of service is intended to promote the smooth administration of justice. *See generally* Fed. R. Civ. P. 5(d) advisory committee's notes to 1991 amendment. It should be applied with this purpose in mind, rather than as a strict rule of life or death for a case. Nonetheless, district courts across the country have reminded pro se litigants like Bolongia that compliance with Rule 5 is not optional. Adam N. Steinman *in* 4B Wright & Miller's Federal Practice & Procedure § 1150 n.8 (4th ed. 2008, April 2026 update).

But again, Bolongia conflates the district court's conclusion that he violated Rule 5 with its conclusion that he violated the court's order to comply with Rule 5. That distinction is significant, for even if we accepted that a Rule 5 violation alone could not support a Rule 41(b) sanction, compliance with the orders of a federal court is different in kind. All litigants, pro se or otherwise, must attend scrupulously to the word of the court. *Lundahl v. Halabi*, 600 F. App'x 596, 605 (10th Cir. 2014) (unpublished); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[A]n appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). And balancing the district court's relatively strong interest in ensuring compliance with court orders against the sanction imposed here, we find no abuse of discretion. The district court

9

explicitly warned Bolongia about the impending risk of dismissal; gave him an easy opportunity to cure; and preserved for Bolongia the right to refile his action.

## B

Bolongia also argues that the dismissal of his action was functionally with prejudice, so we should impose more exacting review of the district court's order. This argument is insufficiently developed on appeal, so we will not consider it.

Although this court secures to the district court broad discretion to dismiss *without* prejudice, dismissal *with* prejudice is a different story. In the latter context, our cases recognize that dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' []it should be used as 'a weapon of last, rather than first, resort.'" *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (citations omitted, first quoting *Loya v. Desert Sands Unified School District*, 721 F.2d 279, 280 (9th Cir. 1983), and then quoting *Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir. 1983)). When the district court dismisses with prejudice as a Rule 41(b) sanction, we consider a non-exhaustive list of factors for assessing whether an abuse of discretion has

occurred, including: prejudice to the other parties, interference with judicial process, the sanctioned party's culpability, any advance warning, and the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 920–21.

Seeking the benefit of more exacting *Ehrenhaus* review, Bolongia gestures to the possibility that the district court's dismissal order was actually *with* prejudice. "This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (citing *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992)). "But [Bolongia] cannot demonstrate this effect because [he] has failed to sufficiently address on appeal the possible running of a statute of limitations; indeed, [he] has failed even to identify the applicable limitation periods. Consequently, [Bolongia] has waived this argument." *Id.*

### III

Bolongia also appeals the district court's denial of relief from the judgment under Rule 60(b)(1). "A district court's decision to grant or deny a Rule 60(b) motion is reviewed for an abuse of discretion." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999). "However, in determining whether a district court abused its discretion, we are mindful that '[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional

11

circumstances.'" *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (alteration in original, quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

Bolongia argues that the district court misapplied the Rule 60(b)(1) framework the Supreme Court set forth in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*. 507 U.S. 380, 396 (1993). Bolongia concedes, as he must, that the district court did consider all the *Pioneer* factors. Bolongia merely disagrees with the great weight that the district court assigned to one factor – reason for or fault in the delay. But on abuse of discretion review, we cannot fault the district court for weighing this factor more heavily than others, particularly when this court has instructed district courts to give this factor special attention. *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (reversing district court's finding of excusable neglect even though three factors favored the Rule 60 movant because fault factor did not).

Moreover, this court has said repeatedly that "the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against." *Cashner*, 98 F.3d at 577. "Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Yapp*, 186 F.3d at

12

1231. On appeal, Bolongia gives us no reason to disavow the district court's inference that Bolongia was aware of the impending deadline and was healthy enough to communicate with the court, but simply and inexplicably failed to do so. His litigation conduct therefore falls neatly into the category of cases our precedent excludes from the coverage of Rule 60(b)(1).

## IV

Bolongia emphasizes that as a pro se litigant, he was entitled to the benefit of liberality in the district court. Irrespective of his pro se status, however, he shoulders the same burden every party in federal court must bear – the duty to comply with the Federal Rules of Civil Procedure and the orders of the court. *Ogden*, 32 F.3d at 455. And while there are limits to a district court's power to enforce this duty, Rule 41(b) contemplates a wide spectrum of approaches ranging from softies to sticklers. So even if we might have taken a more lenient approach than the district court did here, we have no authority to reverse. The judgment is therefore AFFIRMED. Bolongia's pending motion to proceed in forma pauperis is granted.

Entered for the Court

Richard E.N. Federico
Circuit Judge

13